UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAUREAN CARTER,

    Plaintiff,

v.

UNKNOWN BAUCHIN, et al.,

    Defendants.
_____/

Case No. 1:23-cv-450

HON. JANE M. BECKERING

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Most of the claims in Plaintiff's Complaint were dismissed on screening (ECF No. 19). Plaintiff's Eighth Amendment failure-to-protect claims against three Michigan Department of Corrections officials remain. One of these officials, Defendant Hadden, moved for summary judgment on the basis of Plaintiff's failure to exhaust administrative remedies (ECF No. 26). Plaintiff did not file a response. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the motion be granted. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation.

    Plaintiff objects that he did not know to respond to Defendant Hadden's Motion for Summary Judgment (ECF No. 30 at PageID.218). Plaintiff asks that he be given an extension to file his response (*id.*). He also asks that the Court "be aware" that he has been "receiving constant harassment, being denied grievances, and as well being deprived legal materials and documents" (*id.*).

Plaintiff's objections are properly denied. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court performs de novo consideration of those portions of the Report and Recommendation to which objections have been made. Objections must address the "factual and legal" issues "at the heart of the parties' dispute" to enable review by the district court. *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Plaintiff's objection does not identify any factual or legal error in the Magistrate Judge's analysis or ultimate conclusion. Furthermore, the Sixth Circuit has articulated that, generally, "issues raised for [the] first time in objections to [a] magistrate judge's report and recommendation are deemed waived." *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (quoting *Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000)). Finally, while the allegations within a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), parties proceeding without counsel must nonetheless adhere to basic procedural requirements, including the rules governing briefing schedules. *See United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (holding that even pro se litigants must comply with the basic procedural requirements for bringing civil claims)).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 30) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 29) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 26) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim against Defendant Hadden is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Dated:  February 7, 2025 /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge